**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

SAMANTHA SANTANA,

*Plaintiff,*

v.

NEW JERSEY DEPARTMENT OF CHILDREN AND FAMILIES, *et al.*,

*Defendants.*

HONORABLE KAREN M. WILLIAMS

Civil Action

No. 26-4257 (KMW-EAP)

**MEMORANDUM OPINION AND ORDER**

**WILLIAMS, District Judge:**

**THIS MATTER** comes before the Court upon pro se Plaintiff Samantha Santana's ("Plaintiff") Complaint against Defendants New Jersey Department of Children and Families ("DCF"); the Division of Child Protection and Permanency ("DCP&P"); and a DCP&P supervisor, unidentified state employees and law enforcement officers, and Marc A. Roman ("Roman"). (Dkt. No. 1.) She challenges child-welfare investigations and orders entered in a related New Jersey Superior Court, Family Part proceeding. Before the Court are Plaintiff's application to proceed *in forma pauperis* ("IFP") (Dkt. No. 1-2); Complaint (Dkt. No. 1); and emergent motion seeking, among other things, to stay state-court orders and obtain temporary injunctive relief (Dkt. No. 3).

For the reasons below, the Court **GRANTS** IFP status, **DISMISSES** the Complaint upon screening pursuant to 28 U.S.C. § 1915(e)(2), **GRANTS** limited leave to amend, and **DENIES** the emergent motion **without prejudice**.

## I. BACKGROUND

The Court accepts the well-pleaded allegations as true solely for purposes of screening and considers the state-court orders attached to Plaintiff's submission to identify the relief sought and the proceedings at issue, not to resolve disputed factual questions. Plaintiff alleges that DCP&P relied on unfounded reports and mischaracterized her homeschooling decisions; that employees attempted warrantless home visits, entry, and photographs; and that a supervisor breached confidentiality and retaliated against her. She further alleges that a state-court care-and-supervision order required access to her breastfeeding infant by Roman notwithstanding reported domestic violence and safety concerns. (Dkt. No. 1 ¶¶ 14–26.)

The exhibits include a March 31, 2026 order to show cause in *New Jersey Division of Child Protection and Permanency v. Santana*, No. FN-04-000227-26 (N.J. Super. Ct., Ch. Div., Fam. Pt.). The order recites that, by consent of the parties and approval of the state court, the Division was granted care and supervision of three children and directs Plaintiff to permit specified home access and interviews. (Dkt. No. 1-3 at 115–18.) An April 8, 2026 order addresses Roman's parenting time, the location of exchanges, and provision of breast milk. (*Id.* at 120.) Plaintiff alleges that the Family Part denied a stay on April 15, 2026. (Dkt. No. 1 ¶ 20.) The present record does not conclusively establish the current procedural status or finality of all state-court orders.

The Complaint asserts claims under 42 U.S.C. § 1983 for an unreasonable search or seizure (Count I); due process violations (Count II); state-created danger (Count III); retaliation (Count IV); purported *Monell* liability (Count V); disability discrimination under the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act (Count VI); and New Jersey tort and confidentiality claims (Count VII). (Dkt. No. 1 ¶¶ 27–35.) Plaintiff seeks damages and declaratory and injunctive relief. (*Id.* ¶ 37.) Her emergent motion requests a stay or vacatur of the Family Part

orders, changes to custody and parenting time, and a federal temporary restraining order. (Dkt. No. 3 at 1, 6–13.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(a)(1), the Court may authorize commencement of an action without prepayment of fees when the applicant demonstrates inability to pay. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). When IFP status is granted, the Court must dismiss a complaint that is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The screening requirement applies to nonprisoners. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n.19 (3d Cir. 2002).

The failure-to-state-a-claim inquiry tracks Federal Rule of Civil Procedure 12(b)(6). A complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face; labels and conclusions do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pro se pleadings are construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but must still state a plausible claim. Ordinarily, leave to amend must be afforded unless amendment would be inequitable or futile. *Grayson*, 293 F.3d at 114.

## III. DISCUSSION

### a. The IFP Application

Plaintiff reports no present wages or substantial liquid assets, identifies public assistance, and represents that she cannot afford the filing fee. (Dkt. No. 1-2 at 1–2, 5.) The Court is satisfied that she qualifies for IFP status. Her application will be granted, and the Complaint screened under § 1915(e)(2).

### b. Relief Directed at the Family Part Orders

Much of the requested relief would require this Court to suspend, vacate, or revise state court orders governing care, supervision, custody, or parenting time. A federal district court is not

an appellate tribunal for state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). Because the submissions concern orders entered during a continuing child-welfare matter and do not establish their finality, however, the Court does not rest its decision on a blanket application of the *Rooker–Feldman* doctrine. *See Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 459–61 (3d Cir. 2019). Nor does the domestic-relations exception categorically extinguish independent federal-question claims. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992).

Federal intervention in qualifying ongoing state child-protection proceedings also implicates *Younger* abstention. *See Younger v. Harris*, 401 U.S. 37, 43–45 (1971); *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78–79 (2013); *Moore v. Sims*, 442 U.S. 415, 423–35 (1979). The attached orders show a state-initiated child-protection proceeding in which Plaintiff has presented objections to custody and supervision. The allegations of improper motives and danger are serious, but they do not, without supporting facts, establish the extraordinary circumstances necessary to enjoin that proceeding. The Court will not order the Family Part to change custody, terminate parental rights, or stay its supervision directives on the present pleading. This conclusion does not determine the merits of any independent federal damages claim. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) (addressing damages claims where *Younger* applies).

### c. Federal Claims

First, DCF and DCP&P are state agencies, not "persons" amenable to suit for damages under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989). The Eleventh Amendment independently generally protects state agencies from such damages claims in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984). Nor can

Plaintiff invokes municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978), against these state agencies. Accordingly, Counts I–V are dismissed with prejudice insofar as they seek § 1983 relief against DCF or DCP&P. This ruling does not dispose of statutory ADA or Rehabilitation Act claims on an undifferentiated immunity theory.

Second, the allegations against the individual state defendants do not state a plausible § 1983 claim. Personal involvement is essential. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As to Count I, Plaintiff describes visits and attempts to enter or photograph but does not allege facts identifying an actual unreasonable entry, search, or seizure by a particular defendant, including when and how it occurred. The March 31 order also expressly addresses Division access to the home, although its existence does not itself establish the lawfulness of any particular entry. (Dkt. No. 1-3 at 117.) As to Count II, Plaintiff chiefly disputes the evidence and process supporting judicial orders; she does not plausibly identify a separate deprivation by a named defendant without constitutionally adequate process. *See generally Santosky v. Kramer*, 455 U.S. 745, 753 (1982) (recognizing protected parental interests).

Count III similarly does not plead facts establishing each element of a state-created-danger claim, including an affirmative use of authority creating or increasing a foreseeable danger, the requisite culpability, and a sufficiently direct relationship. *See Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir. 2006). Allegations that officials failed adequately to investigate Roman's conduct, without more, do not suffice. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195–97 (1989). Count IV asserts retaliation after Plaintiff "asserted her rights," but identifies neither the protected activity and specific retaliatory action nor facts supporting a causal connection. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).

Third, Roman is a private person. Although private parties can sometimes act under color of state law through concerted action with officials, the Complaint provides no nonconclusory

facts supporting such joint action. *See Great W. Mining*, 615 F.3d at 175–76. Plaintiff's allegations concerning threats or domestic violence may implicate other remedies, but do not alone establish § 1983 liability.

Fourth, Count VI invokes the ADA and § 504 of the Rehabilitation Act without identifying a disability, the particular service or benefit denied, a requested accommodation, or facts plausibly linking the asserted denial to disability. *See* 42 U.S.C. § 12132; 29 U.S.C. § 794(a). Plaintiff thus fails to state a claim under either statute. The Court does not resolve potentially distinct sovereign-immunity questions under these statutes because the pleaded claim fails on its merits. *See United States v. Georgia*, 546 U.S. 151, 159 (2006); 42 U.S.C. § 2000d-7(a)(1).

These pleading deficiencies warrant dismissal of Counts I–IV and VI without prejudice insofar as Plaintiff seeks to assert legally independent claims against proper defendants. This disposition does not authorize Plaintiff to obtain reversal or modification of Family Part orders through a federal amended complaint.

**d. State-Law Claims and Amendments**

Count VII alleges negligence, emotional distress, and breach of confidentiality under state law. (Dkt. No. 1 ¶ 35.) Because no federal claim survives screening, the Court declines supplemental jurisdiction over those claims under 28 U.S.C. § 1367(c)(3). *See Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). They are dismissed without prejudice to Plaintiff's ability to pursue them in an appropriate forum.

Leave to amend is futile as to § 1983 claims against DCF and DCP&P and the *Monell* theory against those state agencies; those dismissals are with prejudice. As to the remaining federal theories, however, the Court cannot conclude at this stage that amendment would necessarily be futile. *See Grayson*, 293 F.3d at 114. Plaintiff may file an amended complaint within thirty (30) days. Any amended pleading must be complete in itself, identify the conduct of each defendant,

and allege facts establishing an independent federal cause of action. It may not seek appellate review of state-court orders. The Court expresses no view on whether an adequately pleaded amended complaint could ultimately overcome abstention, immunity, or other defenses.

### e. Emergent Motion

Plaintiff's emergent motion seeks immediate relief founded on the dismissed Complaint, including suspension of the Family Part's orders. (Dkt. No. 3 at 1, 6–11.) Because the operative Complaint is dismissed, the motion will be denied without prejudice as moot. Independently, Plaintiff has not established a likelihood of success on the present pleading, an essential prerequisite to preliminary injunctive relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's IFP application is **GRANTED**. Her Complaint is **DISMISSED** pursuant to § 1915(e)(2)(B), with prejudice only as specified above and otherwise without prejudice to amendment within thirty days. The Court declines supplemental jurisdiction over the state-law claims. The emergent motion is **DENIED WITHOUT PREJUDICE as moot.**

**ORDER**

**THIS MATTER** having come before the Court upon Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 1-2), Complaint (Dkt. No. 1), and emergent motion (Dkt. No. 3); and the Court having considered the submissions and screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2); and for all the foregoing reasons; and for good cause shown;

IT IS, on this 23rd day of October, 2026, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 1-2) is **GRANTED**. The Clerk shall file the Complaint without prepayment of fees.

2. The Complaint (Dkt. No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). The claims under 42 U.S.C. § 1983 against the New Jersey Department of Children and Families and the Division of Child Protection and Permanency, including Count V's *Monell* theory against those agencies, are **DISMISSED WITH PREJUDICE**. The remaining federal claims are **DISMISSED WITHOUT PREJUDICE**, subject to paragraph 3.

3. Plaintiff may file one complete Amended Complaint asserting legally independent federal claims against proper defendants within THIRTY (30) DAYS of entry of this Order. The Amended Complaint shall supersede the original Complaint and shall not request appellate review, reversal, or modification of state-court orders. Any amended pleading will be subject to screening under § 1915(e)(2).

4. The Court declines supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over the state-law claims, which are **DISMISSED WITHOUT PREJUDICE** to their assertion in an appropriate forum.

5. Plaintiff's emergent motion (Dkt. No. 3) is **DENIED WITHOUT PREJUDICE as moot** in light of dismissal of the operative Complaint.

6. The Clerk shall **ADMINISTRATIVELY TERMINATE** this action pending the amendment deadline. If Plaintiff timely files an Amended Complaint, the Clerk shall reopen the matter for screening. If no Amended Complaint is filed within the prescribed

period, the Court may enter a further order addressing final disposition and closure of the case.

Dated: October 23, 2026

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE